IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CORINTHIAN FORD MERRILL #623100 | § | |
| v. | § | CIVIL ACTION NO. 6:12cv338 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Corinthian Merrill, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Merrill said in his original complaint that he was wrongfully charged and sentenced to prison for failure to comply with the sex offender registration requirement, arguing that Chapter 62 of the Texas Code of Criminal Procedure did not apply to him. Merrill stated that although the Texas Board of Pardons and Paroles knew that the requirement did not apply to him, the Board nonetheless allowed him to be charged and prosecuted. He said that he was filing his lawsuit for "malicious and wrongful prosecution and dereliction of duty by all parties which caused me to be wrongfully incarcerated and have my constitutional rights violated."

In an amended complaint, Merrill explained that he received a 10-year sentence in August of 1980, in cause no. 11,338-A; TDCJ records show that this sentence was for the offense of rape. He served his time and was released on mandatory supervision, but was sent back to TDCJ in September of 1992 with a 20 year sentence for burglary of a building. He was released on

1

mandatory supervision in 1999, and in 2002, he was sent to the Intermediate Sanction Facility (ISF) in Fort Worth. Before he was released from the ISF, his parole officer, Mrs. Johnson, requested that the Board place a special condition on him to register as a sex offender. Merrill stated that when he was released, he complied with this condition and did in fact register.

However, on January 14, 2010, he was indicted for the offense of failure to comply with the registration requirement. He told "all parties involved" but was advised by each defendant that they were not at fault or that it was something that Merrill had to deal with himself.

Merrill argues that the Parole Board knew that he did not have a reportable conviction and that his 1980 conviction was not applicable because when the sex offender registration law was enacted in September of 1997, he was no longer serving that conviction in prison, on parole, on probation, or on mandatory supervision. He complained that the defendants refused to intervene on his behalf and allowed a miscarriage of justice to take place; as a result, Merrill says that he received a four-year sentence for a false charge, and he was unlawfully charged, indicted, convicted, and sentenced to time in prison. For relief, Merrill asks for a declaratory judgment that the actions of the defendants violated his rights under the Constitution or laws of the United States, a declaratory judgment that his 1980 conviction is not a reportable conviction and therefore could not be used to institute criminal charges against him, and punitive damages in the amount of $60,000.00.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that in Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court stated that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. Heck, 114 S.Ct. at 2372; *see also* Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).

2

The Magistrate Judge went on to state that under Heck, the maturity of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). In this case, the Magistrate Judge said that Merrill was convicted of failure to register as a sex offender, and that his allegations in this lawsuit, if proven, would call the validity of this conviction into question, inasmuch as Merrill asserts that he did not have a conviction requiring registration. Furthermore, Merrill indicates that his conviction may not be valid because he says that despite not having a conviction requiring registration, he did in fact register after his release from the ISF. The Magistrate Judge also observed that for relief in his lawsuit, along with monetary damages, Merrill seeks a declaratory judgment that cause no. 11,338-A was not a reportable conviction and could not be used to prosecute him, which would directly call the validity of his conviction for failing to register as a sex offender, based on cause no. 11,338-A, into question.

Consequently, the Magistrate Judge said, in order to obtain the relief which he seeks in this civil action, Merrill must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. Heck, 114 S.Ct. at 2372. He has not made such a showing.[1] The Magistrate Judge therefore recommended that the lawsuit be dismissed without prejudice until such time as the Heck preconditions are met. See Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998); Price v. City of San Antonio, 431 F.3d 890, 895 (5th Cir. 2005).

---

[1] At the time that the Magistrate Judge issued the Report, Merrill had not sought habeas corpus relief in state or federal court. The on-line records of the Gregg County judiciary show that on August 20, 2012, Merrill filed a state application for the writ of habeas corpus in the trial court. See http://co.gregg.tx.us/OdysseyPA/CaseDetail.aspx?CaseID=1306710. This petition remains pending in the state court system.

Merrill received a copy of the Magistrate Judge's Report on August 3, 2012, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 11) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice, subject to Merrill's showing that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. He may refile his civil rights lawsuit when and only when such a showing is made. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 10th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**